5UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RHONDA MARTIN, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 4:19-CV-02852 JAR |
| v. | ) | |
| RADIUS GLOBAL SOLUTIONS, LLC, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defenses. (Doc. No. 10). Defendant has filed a response in opposition. (Doc. No. 17).

**Background**

Plaintiff Rhonda Martin filed this action in state court, alleging that Defendant Radius Global Solutions, LLC ("RGS") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., in its communications with her regarding the collection of a debt. On October 21, 2019, RGS removed the case to this Court. On November 25, 2019, RGS filed an answer that includes six affirmative defenses: (1) failure to state a claim; (2) bona fide error; (3) failure to mitigate damages; (4) any harm suffered by plaintiff was caused by a third party; (5) plaintiff's claims are subject to a binding arbitration agreement; and (6) claims are barred by the statute of limitations, waiver, estoppel, unclean hands and/or latches.[1] Plaintiff moves to strike all six affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

**Legal standard**

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike from a

---
[1] RGS has since withdrawn its sixth affirmative defense relating to the statute of limitations and latches. (Doc. No. 17 at 8 n. 3).

pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," either on its own or on a motion made by a party." Courts have liberal discretion to strike pleadings under Rule 12(f). Nationwide Ins. Co. v. Cent. Mo. Elec. Co-op, Inc., 278 F.3d 742, 748 (8th Cir. 2001). However, striking a party's pleading is an extreme measure that is viewed with disfavor and infrequently granted. Stanbury Law Firm v. Internal Revenue Serv., 221 F.3d 1059, 1063 (8th Cir. 2000). Courts have observed that "motions to strike can be nothing other than distractions. If a defense is clearly irrelevant, then it will likely never be raised again by the defendant and can be safely ignored. If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record – such as on a motion for summary judgment." Arbogast v. Healthcare Revenue Recovery Grp., 327 F.R.D. 267, 268–69 (E.D. Mo. 2018) (quoting Shirrell v. St. Francis Med. Ctr., No. 1:13-CV-42 SNLJ, 2013 WL 3457010, at *1 (E.D. Mo. July 9, 2013)).

"A motion to strike an affirmative defense should not be granted unless, as a matter of law, the defense cannot succeed under any circumstances or is immaterial in that it has no essential or important relationship to the claim for relief." Shirrell, 2013 WL 3457010, at *1 (internal quotation and citation omitted). In addition, a motion to strike should be granted unless the party filing the motion shows "it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues." Id.

**Discussion**

Plaintiff's principal argument in support of its motion to strike is that Defendant has not alleged sufficient facts to support its affirmative defenses. The Eighth Circuit Court of Appeals has made it clear that affirmative defenses "need not be articulated with any rigorous degree of specificity" and are "sufficiently raised for purposes of Rule 8 by its *bare assertion*." State of

Missouri v. Charter Commc'ns, Inc., No. 4:15-CV-1593 RLW, 2016 WL 1625461, at *6 (E.D. Mo. Apr. 21, 2016) (quoting Zotos v. Lindbergh School Dist., 121 F.3d 356, 361 (8th Cir. 1997)). Defendant's affirmative defenses have sufficiently put Plaintiff on notice of its bases for its affirmative defenses. Being properly on notice, Plaintiff can explore the bases for Defendant's defenses during discovery. Furthermore, Plaintiff has not shown that the inclusion of any of these affirmative defenses will prejudice her in any way. As discussed above, if these defenses are irrelevant, they will likely never be raised by Defendant; if they may be relevant, they would be more properly addressed with the benefit of a fuller record. Arbogast, 327 F.R.D. at 270-71.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Defendant's Affirmative Defenses [10] is **DENIED**.

Dated this 12th day of March, 2020.

                                                      **JOHN A. ROSS**
                                                     **UNITED STATES DISTRICT JUDGE**